UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LLOYD PRATT                           CIVIL ACTION NO. 13-cv-2289

VERSUS                                JUDGE FOOTE

TIMOTHY KEITH                         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Lloyd Pratt ("Petitioner") is serving time in a state prison based on Caddo Parish convictions of two counts of purse snatching and one count of armed robbery. Petitioner filed a state court proceeding to challenge the calculation of his sentence. He argued that the State was wrongfully applying amendments to the good time statues to deprive him of good time in violation of the Ex Post Facto Clause. He now seeks federal habeas relief based on those arguments. For the reasons that follow, it is recommended that his petition be denied.

**Relevant Facts**

Petitioner was charged with committing two separate incidents of purse snatching in 1991. Tr. 7, 35. A plea bargain was reached. Petitioner appeared with counsel in January 1992, entered a plea of guilty to both counts, and received 10-year concurrent sentences. Tr. 64-72. Petitioner reports that he earned good time credit on the sentences pursuant to La. R.S. 15:571.3 as the statute was written at that time.

Later in 1992, Louisiana amended the list of crimes that are considered "crimes of violence," and purse snatching was added to the list. Act 1015 of 1992, amending La. R.S. 14:2(13)(z). The term crime of violence is referred to in other statutes, and Section 14.2 provides the definition of the term.

The Louisiana statute that generally provides for earning diminution of sentence for good behavior, referred to as "good time," is La. R.S. 15:571.3. Louisiana amended the statute by Act 150 of 1994 to disallow good time for any inmate if he had been "convicted one or more times under the laws of this state of any one or more of the following crimes: "... (q) Any crime of violence as defined by R.S. 14:2(2)(13)."

The statute has been amended a number of times since. Its current version continues to create an exception to good time eligibility for a prisoner who has been "convicted a second time of a crime of violence as defined by R.S. 14:2(B)." La. R.S. 15:571.3(B)(1)(a). Subsection D also provides that diminution of sentence "shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if the instant offense is a second offense crime of violence as defined by R.S. 14:2(B)."

Petitioner represents that he was credited with good time during his initial incarceration on the purse snatching convictions, which he committed before the State defined purse snatching as a crime of violence. He was released on paroled, but he was charged with committing five armed robberies in 1996. Those charges resulted in a plea bargain where Petitioner pleaded guilty in 1998 to one count of armed robbery and received a sentence of 25 years at hard labor without benefit of probation, parole, or suspension of

sentence. The court ordered the sentence to run concurrent with any other sentence. Tr. 124. The conviction triggered an automatic revocation of Petitioner's parole for the purse snatchings, and Petitioner was required to serve the unexpired remainder of his 10-year concurrent sentences on those crimes.

The record contains the DOC computations of Petitioner's sentences and credits. The reports are difficult to interpret for persons not familiar with them, and the briefs do not explain them in detail. It appears, however, that parole on the purse snatchings was considered revoked on January 2, 1997, with a remaining balance of four years, 11 months, and 10 days. Those sentences would, therefore, be completed in November 2001. The 25-year sentence for armed robbery would not be completed until December 1, 2021. Tr. 103-05.

Petitioner filed an administrative grievance and, eventually, a petition for judicial review in the state courts. He argued that the application of Act 150 of 1994 to deny him good time on the armed robbery committed in 1996 violated the Ex Post Facto Clause because it counted the 1992 purse snatching convictions as crimes of violence even though they were not defined as such until later. Tr. 82-91. Plaintiff filed a post-hearing brief (Doc. 135-40) that stuck to the argument that use of the purse snatching offenses that pre-dated the amendment to the definition of crimes of violence wrongfully deprived Petitioner of the right to earn good time on his armed robbery conviction.

The Commissioner issued a recommendation that the petition be denied, and the district judge agreed. Tr. 177-80. The First Circuit Court of Appeal affirmed in a summary

opinion. Tr. 189-91. Petitioner then filed a writ application to the Supreme Court of Louisiana. He added an additional component to his argument, and he presents that additional argument to this court as well. He argued that he should be entitled to earn good time on both the armed robbery conviction and on the remaining balances of his purse snatching sentences. Tr. 194-96. The Supreme Court of Louisiana denied writs without comment. Tr. 202.

**Analysis**

### A. Good Time on the Armed Robbery Conviction

Purse snatching was not defined as a crime of violence at the time Petitioner committed and was convicted of those crimes. The legislature later included purse snatching within the definition of a crime of violence and provided that a person who is convicted of a certain number of such crimes is not eligible for good time. Years after those laws were in place, Petitioner committed an armed robbery. The DOC has determined that Petitioner is not eligible to earn good time on the armed robbery because he has now been convicted more than once of a crime of violence.

The application of Act 150 of 1994 to deny good time eligibility on the 1996 robberies does not implicate the Ex Post Facto Clause. If it did, recidivist statutes could never apply to crimes that were committed before their enactment, and courts have rejected such arguments. The Fifth Circuit did so in Ward v. Louisiana Department of Public Safety & Corrections, 547 Fed. Appx. 520 (5th Cir. 2013) (unpublished) when a Louisiana prisoner made a similar argument that his 1992 aggravated assault conviction should not be used to

deny him good time under the provision of La. R.S. 15:571.3(D) enacted in 1994, which was before he committed the armed robbery offense for which he was serving a sentence. The court rejected the ex post facto challenge as frivolous, citing <u>Gryger v. Burke</u>, 68 S.Ct. 1256 (1948) (upholding habitual offender sentence based on statute passed after the prior crimes were committed). A district court had earlier rejected a similar argument that consideration of a 1978 conviction constituted an ex post facto application of the 1994 amendment to the good time statute when applied to deny good time on a 1996 conviction. <u>Payton v. Warden</u>, 2009 WL 1255525 (W.D. La. 2009).

As those courts explained, Act 150 of 1994 put persons on notice of the consequences of a second conviction of a crime of violence. Petitioner was legally aware of those consequences at the time he committed his armed robbery, so the consideration of his past offenses to deny good time eligibility for a crime committed after the Act's effective date does not violate the Ex Post Facto Clause. Additional support for this conclusion is found in cases such as <u>United States v. Saenz-Forero</u>, 27 F.3d 1016 (5th Cir. 1994) (use of a 1985 drug conviction to enhance sentence did not violate Ex Post Facto Clause even though the drug conviction was not classified as an "aggravated felony" for enhancement purposes until 1988).

Petitioner is not entitled to federal habeas corpus relief on a claim such as this unless the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

Supreme Court. 28 U.S.C. § 2254(d)(1). There is no Supreme Court authority to support Petitioner's argument on this claim, and the decisions of lower courts have rejected his view.

### B. Good Time on the Purse Snatching Convictions

Petitioner makes a second argument that the DOC should be ordered to reclassify his purse snatching convictions as *not* crimes of violence and award good time credits on those sentences under the law in effect at the time he committed the crimes. To the extent Petitioner is attempting to re-categorize the purse snatchings as something other than crimes of violence as defined in the 1994 statute (so that the armed robbery would then be his first crime of violence and thus eligible for good time), his approach is defeated for the reasons given above. The constitution does not prohibit the state from enacting a statute that considers past crimes, no matter when committed, when assessing the penalty for a crime that was committed after the statute was enacted.

To the extent Petitioner actually seeks an award of good time on the purse snatching sentences, the claim is moot because the full terms of those sentences appear to have expired in 2001. There is a plausible argument that Petitioner was entitled to earn good time on those sentences based on the good time rules in effect at the time of the crimes. See Price v. Warden, 785 F.3d 1039 (5th Cir. 2015) (good time forfeiture law enacted after sentencing was retrospective for purposes of ex post facto, even if forfeiture was triggered by the parolee's post-enactment conduct). But, as said, it would serve no purpose to explore the issue further because a ruling in favor of Petitioner would not get him out of prison one minute earlier. The purse snatching sentences expired several years ago, they ran

concurrently with the armed robbery sentence, and Petitioner must serve the entire 25 years of the armed robbery sentence.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules

Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2016.

Mark L. Hornsby
U.S. Magistrate Judge